# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CABOT CREEKSIDE ACQUISITION, LLC ) <br> and CABOT CREEKSIDE LEASECO, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHARDONNAY ASSOCIATES, LLC, ) <br> Et al. ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br> NO. 1:07-CV3182-JEC |

## DEFENDANT FLEXXON OPERATING LIMITED, HALLYE MANAGEMENT, INC, HAROLD S. WENAL AND KAREN L. PRITCHETT'S INITIAL DISCLOSURES

Pursuant to Local Rule 26.1, Defendant Flexxon Operating Limited, Hallye Management, Inc., Harold S. Wenal, and Karen L. Pritchett, file their Initial Disclosures and show this Court as follows:

**Initial Disclosure No. 1:**

**If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**Response No. 1:**

The Defendants are properly identified.

**Initial Disclosure No. 2:**

**Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**Response No. 2:**

Defendants are unaware at present of any necessary parties that have not yet been named in this action.

**Initial Disclosure No. 3:**

**Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**Response No. 3:**

Defendants dispute the allegations made against them by Plaintiffs. As to the Affirmative Defenses, Defendants state the factual basis for their respective defenses are as follows:

At no time did any Defendant warrant the economic viability of any tenant of the shopping center. Plaintiffs were provided numerous opportunities to exercise due diligence. Plaintiffs were provided with all requested information and made a thorough and independent investigation and presumably exercised their own judgment as to whether to purchase the shopping center and under what terms. Having elected to purchase the shopping center, Plaintiffs were

responsible for all tenant relations and the operation of the shopping center. Plaintiffs chose to engage Jones Lang LaSalle to handle such functions, but Jones Lang LaSalle did not carry out those responsibilities prudently or effectively as it did not have experience in managing shopping centers such as the one involved in this case. Consequently, the actions and inactions of Jones Lang LaSalle as well as Plaintiffs and their other agents, as well as the general decline of the economy are to blame for any loss that Plaintiffs suffered.

The Complaint does not quote all relevant provisions of the agreements between the parties nor does it take into account all of the agreements between the parties. These failures provided factual support for affirmative defenses 1, 2, 3, 4, 5, 9, and 20.

The parties to the Sales Agreement also entered into a Side Letter Agreement that among other things, identified 8 tenants that did not yet have Certificates of Occupancy and set out what Seller's obligations were in regards to these tenants. There was no concealment by Defendant. Affirmative Defenses 2, 3, 5, 10, 11, 12, 13 and 21 are based on such facts.

Affirmative Defense 6 stems from Plaintiffs' failure to state their losses other than to allege the loss was no less than one million dollars. While Defendants deny they are responsible for any loss, Plaintiffs should be able to calculate their losses.

Affirmative Defense 7 stems from Plaintiffs' failure to explain how Defendants allegedly defrauded Plaintiffs. Without greater detail, Defendant cannot defend itself against nebulous allegations of fraud.

Affirmative Defense 8 relates to Plaintiffs' claim of tortious interference. Georgia law has an expanded definition of who is part of business and contractual relations. Under such definition, Defendants were not strangers to the relations betweens Plaintiffs and tenants and this claim is barred under Georgia law. Affirmative Defense 19 is based in part on this.

Affirmative Defense 9 will cover any conduct or inaction of Defendants if such conduct or inaction was based on a mistake of fact or law.

Affirmative Defenses 10, 11, 12, 20 and 21 stem from the fact that Plaintiffs and their agents, including but not limited to Jones Lang LaSalle, were in control of the shopping center at issue. To the extent that Plaintiffs and agents failed to exercise good management skills or failed to pursue appropriate remedies, any loss in value of the shopping center and failure to collect rent is not attributable to Defendant.

Affirmative Defenses 14 and 15 concern Plaintiffs allegations of fraud in connection with the contract.

Affirmative Defenses 16, 17 and 18 arise from Plaintiffs attempt to recover punitive damages and case law that continues to evolve in regards to the outer

limits of constitutionality of such awards as well as the procedures that must be followed to authorize any award.

Additional facts supporting Affirmative Defenses 4, 5 and 21 comes from Plaintiffs' acceptance of rent from any tenant that was part of any assignment that Plaintiffs claim was unauthorized.

Defendants respectfully reserve the right to supplement their response as more information becomes available.

**Initial Disclosure No. 4:**

**Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**Response No. 4:**

FRCP 8(c);

FRCP 9(b), (g);

U.S. Const. Amends. V, VII and XIV;

Ga. Const. Art. 1, Section 1, Paragraphs 2 and 17;

O.C.G.A. §§ 51-12-5 or O.C.G.A 51-12-5.1;

Punitive Damages: State Farm Mut. Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), 540 U.S. 801 (2003); Cooper Indus. v. Leatherman Tool Group, 532 U. S. 424, 436 (121 SC 1678, 149 LE2d 674) (2001); BMW of North America v. Gore, 517 U. S. 559, 574--575 (116 SC 1589, 134 LE2d 809)

(1996);

Stranger Doctrine: Pruitt Corp. v. Strahley, 270 Ga. 430, 510 S.E.2d 821 (1999); Atlanta Market Center Mgmt. Co. v. McLane, 269 Ga. at 608-610 (2);

Fraud: ReMax North Atlanta v. Clark, 244 Ga. App. 890, 893, 537 S.E.2d 138 (2000)

**Initial Disclosure No. 5:**

**Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**Response No. 5:**

See Attachment A.

**Initial Disclosure No. 6:**

**Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**Response No. 6:**

At this time, Defendants have not identified any expert witnesses that they intend to use at trial but respectfully reserve the right to supplement this response if and when such expert witnesses are identified.

**Initial Disclosure No. 7:**

**Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Response No. 7:**

Please see Attachment C attached hereto.

**Initial Disclosure No. 8:**

**In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P.34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**Response No. 8:**

At this time Defendants do not claim any damages, except for attorneys' fees and costs incurred defending this suit.

**Initial Disclosure No. 9:**

**If defendant contends that some other person or legal entity is, in whole or part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**Response No. 9:**

At this time Defendant does not claim any damages, except for its attorneys'

fees and costs incurred defending this suit.  Defendant identifies Jones Lang LaSalle as an entity that may be liable to Plaintiffs for its failure to properly manage the premises.  To the extent that Plaintiff collected judgments against tenants or guarantors, then those entities would be responsible.   While each Defendant denies liability to Plaintiffs, to the extent that such liability stems from conduct or misconduct of Cynthia Murphy, then Ms. Murphy would be liable had she not filed for bankruptcy protection or if Plaintiffs had sought to preserve their claims against her.

**Initial Disclosure No. 10:**

**Attach for inspection and copying as under Fed.R.Civ.P.34 any insurance agreement under which any person carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

**Response No. 10:**

At this time, Defendants are not aware of any insurance agreement that relates to the allegations Plaintiff makes in this suit.

Respectfully submitted this 24th day of July, 2009.

                              **FINE & BLOCK**

                         By: /s/ J. Bertram Levy
                             J. Bertram Levy
                             Georgia Bar No. 449607

                             2696 Mount Paran Road
                             Suite 106
                             Atlanta, Georgia 303275
                             (404) 261-6800 (Telephone)
                             (404) 261-6960 (Telecopier)

                         **ATTORNEYS FOR DEFENDANTS**

# ATTACHMENT "A" page 1

Harold Wenal
Chardonnay Associates, LLC.
Mr. Wenal may be contacted through the undersigned attorneys.
Mr. Wenal has knowledge of Defendant's full disclosure of all relevant information, Plaintiffs' opportunity for due diligence and the agreements between the parties.

Karen L. Pritchett
Ms. Pritchett may be contacted through the undersigned attorneys.
Ms. Pritchett has knowledge of Defendant's full disclosure of all relevant information, and the agreements between the parties.

Maria Albo
Ms. Albo may be contacted through the undersigned attorneys.
Ms. Pritchett dealt with Mr. Peter Graham during the time he was supposed to be managing the shopping center through Jones Lang LaSalle.

Cynthia Murphy- former leasing agent for Chardonnay. Her deposition has been taken.

Peter Graham was associated with Jones Lang LaSalle and has relevant knowledge regarding Jones Lang LaSalle's receipt on July 13, 2007 of tenant lease files, business background, financials and other relevant information from Defendant.

Monika K. Cone
Jones Lang LaSalle
Ms. Cone was associated with Jones Lang LaSalle and has relevant knowledge regarding tenant complaints regarding Jones Lang LaSalle's management including but not limited to, no onsite management, deficient trash pick up, and utility bills not being paid.

Sig Arnesen- Senior Vice President of Jones Lang LaSalle

Heather Henderson-with Jones Lang Lasalle.

Jennifer ("Jenn Williams") with Jones Lang Lasalle.

# ATTACHMENT "A" page 2

Open Air Retail Specialists for Jones Lang LaSalle including:
    Mike Longmore
    Chris Rehmet
    Jenn Williams
These individuals will have knowledge of the state of the property and tenants.

Pursley Lowery Meeks, LLP –counsel for Plaintiffs with knowledge of dispossessory and collections matters:
    John C. Amabile
    Robin A. Besaw
    Charles H. Crawford, III

Sullivan & Worcester, LLP- counsel for Plaintiff on closing:
    John G. Balboni
    Sam Webb

Tenants of the Shopping Center. Tenants of the property will have knowledge regarding Plaintiffs management of the property and reasons for any defaults in their performance.

Representatives of Cabot Investment Properties, LLC including:
Mr. James Taussig have knowledge regarding Defendant's disclosures to Plaintiffs.

Carlton P. Cabot: Manager and President of Plaintiffs, Main Broker for Cabot Investment Properties.

Timothy Kroll- officer of Plaintiffs.

CB Richard Ellis- appraisers. Lee C. Holliday, Dpnald Poore and Grisswold Ware.

DeSanto Realty Group: Including Michael Blank, Joshua Cohen, Louis DeSanto and Gary DeSanto.

# ATTACHMENT "B"

There are no experts to be disclosed at this time.

# ATTACHMENT "C"

1. All contracts and closing documents for the sale of the shopping center;
2. Copies of Tenant Estoppel Certificates;
3. Copies of Tenant files and related documents delivered to Plaintiffs;
4. Communications between Defendant and Plaintiffs.

Defendants will supplement.

## ATTACHMENT "D"

There are no responsive documents.

# ATTACHMENT "E"

There are no responsive documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CABOT CREEKSIDE ACQUISITION, LLC and CABOT CREEKSIDE LEASECO, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION |
| CHARDONNAY ASSOCIATES, LLC, Et al; | ) ) ) | NO. 1:07-CV3182-JEC |
| Defendants. | ) ) ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing Defendants' Initial Disclosures in the above captioned case with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

   John C. Amabile, Esq. and
   Charles H. Crawford

This 24th day of July, 2009.

                                                By:_s/__J. Bertram Levy__
                                                J. Bertram Levy
                                                Georgia Bar No. 449609
                                                Attorneys for Defendants
                                                FINE AND BLOCK
                                                2606 Mount Paran Road, Suite 106
                                                Atlanta, Georgia 30327
                                                (404) 261-6800
                                                (404) 261-6960 fax
                                                blevy@fineandblock.com